**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

SUCCESSION OF EMMA BICKHAM                          CIVIL ACTION
GARRETT, WIFE OF /AND HOSEA GARRETT                  NO. 07-3254
                                                     SECTION "T"(3)

**ORDER AND REASONS**

Before the Court is a Motion to Remand filed by Clayton Garrett and Oline Garrett

Johnson.  Rec. Doc. 4.  Oppositions to the Motion were filed by Southern Minority Contracting

& Associates, LLC and Rhonda Miller.  Rec. Docs. 12, 14.  The matter came for hearing without

oral argument on September 5, 2007 and was taken under submission.  The Court, having

considered the record, the evidence submitted, the law and applicable jurisprudence, is fully

advised in the premises and ready to rule.

**I.      BACKGROUND**

On August 18, 2006, Erma Garrett-Denard, hereinafter Garrett-Denard, a Florida

Domiciliary, filed a Petition for Appointment of Administratrix in the Twenty-Second Judicial

District Court, Parish of St. Tammany requesting that she be appointed as the administratrix of

the succession of Emma and Hosea Garrett.  By order of the Louisiana state court, Garrett-

Denard was so appointed, took her oath and posted security via a $45,000 bond attesting that she

would faithfully discharge her duties.  Letters of Administration were issued and Garrett-Denard

was ordered to take possession of all of the property of Emma and Hosea Garrett and administer

the same.

The sworn descriptive list of the assets of the estates of Emma and Hosea Garrett

demonstrated that the successions owned two (2) parcels of immovable property located in St.

Tammany Parish.  On October 26, 2006, Garrett-Denard petitioned the state court for private

sale of the immovable property submitting that SMC & Associates, LLC, a Florida company,

offered to purchase both parcels by cash sale in the amount of $30,000.  The state court authorized the sale and the property was sold to SMC & Associates, LLC on December 21, 2006 for $30,000.

Following the sale, the final tableau of distribution was filed delineating the amounts to be paid out of the sale proceeds for expenses, to the administratrix, and the heirs.  On February 2, 2007, the state court executed a judgment homologating the tableau of distribution authorizing the administratrix to pay the debts and distribute the proceeds shown in the tableau.   On February 7, 2007, Clayton L. Garrett, hereinafter Garrett, filed a Petition to Remove Garrett-Denard as the administratrix and to appoint himself in her place.  Exhibit "1" attached to Rec. Doc. 1.  Although styled as a "petition," the pleading was filed in the succession proceeding and was not a new action.  Garrett alleged that Garrett-Denard filed her petition to be appointed as administratrix and was so appointed despite not having consent of all the heirs and further, that she fraudulently misrepresented that she had the full permission of all the heirs to be appointed.  Exhibit "1" attached to Rec. Doc. 1 at p. 2.  Garrett also objected to the validity of the sale and requested that it be declared null and void.  In support, Garrett alleged: (1) that the property was sold for 25% of its fair market value; (2) the act of sale was not proper under Louisiana law's authentic act requirement because the notary also acted as a witness to the sale; and (3) not all of the heirs consented to the sale.  Exhibit "1" attached to Rec. Doc. 1 at pp. 2-3.  Until the time the Court decided whether Garrett was entitled to the relief requested, the proceeds from the sale were placed into the court registry pursuant to a state court order issued on May 3, 2007.

Garrett's original petition also named as a defendant Rhonda Miller d/b/a SMC &

Associates, LLC.[1]  Garrett argued that Miller should appear and show cause why the sale of the property should not be declared null and void, of no legal effect, and cancelled from the public records.[2]

Shortly after the original petition was filed, Garrett filed a Second Amending Petition claiming that an act of correction filed February 8, 2007, changing the name of the purchaser to Southern Minority Contracting & Associates, LLC was null and void and had no legal effect because the purchase agreement reflected that the purchaser was SMC & Associates, LLC. Exhibit "3" attached to Rec. Doc. 1 at. 4.  This amended pleading also alleged that Garrett-Denard, Rhonda Miller, hereinafter Miller, and Southern Minority Contracting & Associates, LLC, hereinafter Southern Minority, conspired to defraud the heirs out of their inheritance rights and to the subject property.  Exhibit "3" attached to Rec. Doc. 1 at 5.  Garrett requested that these defendants be held *in solido* for all damages and attorneys' fees (claimed to be less than $50,000) sustained by the succession in uncovering and correcting the fraud perpetrated upon the succession proceeding.  Exhibit "3" attached to Rec. Doc. 1 at 5.

On May 14, 2007, Garrett filed a Third Amended Petition adding Oline Garrett Johnson, hereinafter Garrett Johnson, as a party and requesting that she be appointed the succession representative upon removal of Garrett-Denard.  This petition also alleged that amounts due to the succession by Garrett-Denard, Miller, and Southern Minority for fraud and conspiracy exceeded $50, 000.  Exhibit "4" attached to Rec. Doc. 1 at p. 4-6.

The state court ordered Garrett-Denard to show cause on May 3, 2007, why she should

---

[1]Garrett claimed SMC & Associates, LLC was a ghost entity created for Rhonda Miller and therefore, Rhonda Miller, and not SMC & Associates, LLC was the proper party Defendant.

[2]Garrett originally named Rhonda Martin d/b/a SMC & Associates, LLC as the defendant, then later amended the pleading to name Rhonda Miller d/b/a SMC & Associates, LLC as the proper party defendant.

not be removed as the administratrix of the succession; why Garrett should not be appointed; and why the orders authorizing the sale of the property and homologating the final tableau of distribution should not be rescinded, vacated, and cancelled.  The order also mandated Garrett-Denard show cause why attorneys' fees should not be granted.  Oppositions to the Petition to remove Garrett-Denard as the Administratrix were filed by Garrett-Denard and Southern Minority.[3]  Southern Minority also filed a Peremptory Exception of No Cause of Action and an Exception of Vagueness which were set for hearing on May 30, 2007.  Sometime in May 2007, Garrett-Denard stepped down as the administratrix.  On June 12, 2007, the state court issued a Judgment ordering Garrett Johnson be appointed as administratrix and the Exceptions were taken under advisement.

On June 13, 2007, Southern Minority removed the state court succession proceeding to this Court based upon diversity of citizenship jurisdiction.  In the removal notice, Southern Minority claimed that it first became aware that this action was removable when it received a copy of the Third Amended Petition filed on May 14, 2007 declaring that the claims exceeded $50,000.00.[4]  Rec. Doc. 1.  The instant Motion to Remand was timely filed and it is urged that diversity of citizenship jurisdiction is lacking, that removal was untimely, and that this is a purely probate matter therefore, this Court should apply the probate abstention doctrine and remand the case to state court. Rec. Doc. 4.

## II.   LAW AND ANALYSIS

### A.   *Diversity of Citizenship*

---

[3]It is unclear from the state court record whether this rule went forward as scheduled or whether it was continued.
[4] An amended removal notice was filed on July 12, 2007.  That notice changed only the basis for asserting the citizenship of Garrett Johnson.  The original notice claimed that Garrett Johnson was a citizen of Louisiana not only because she is domiciled here but also because she is administratrix of the estate.  Rec. Doc. 8 at p. 6.

Pursuant to 28 U.S.C. § 1441(a), a party may remove an action pending in state court to a federal court if the action is one over which the federal court possesses subject matter jurisdiction. The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1408 (5th Cir.1995); *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995); *Jernigan v. Ashland Oil Inc*., 989 F.2d 812, 815 (5th Cir.1993) (per curiam); *Willy v. Coastal Corp*., 855 F.2d 1160, 1164 (5th Cir.1988). To determine whether jurisdiction is present for removal, the Court considers the claims in the state court petition as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co*., 44 F.3d 256, 264 (5th Cir.1995). Any ambiguities are construed against removal, as the removal statute should be strictly construed in favor of remand. A*cuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir.2000); *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F.Supp. 85, 87 (E.D.La.1989).

Both parties dispute the issue of whether diversity jurisdiction exists as it regards only the citizenship of Garrett-Denard.  That the amount in controversy is satisfied is not challenged and the citizenship of Garrett and Garrett Johnson (Louisiana) as well as that of Southern Minority and Miller (Florida) are also not disputed.  Garrett and Garrett Johnson, relying on 28 USC § 1332 (c)(2),[5] assert that Garrett-Denard, as the legal representative of an estate of Louisiana decedents, is a citizen of Louisiana for purposes of diversity and removal jurisdiction. Rec. Doc. 4 at p. 2.  They urge that the fact that she is a Florida domiciliary is of no consequence

---

[5] 28 USC 1332 (c)(2) provides:

    (c) For the purposes of this section and section 1441 of this title–

    ...

        (2) the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent.

because she is being sued as the succession representative.  Garrett and Garrett Johnson also argue that Garrett-Denard's citizenship did not change from Louisiana to Florida when she stepped down as administratrix because citizenship conferred under 28 USC § 1332(c)(2) is mandatory and irreversible.

Southern Minority and Miller agree that Garrett-Denard's citizenship was Louisiana while she was the administratrix of the succession; however, when she was removed from that position in May 2007, they argue her Louisiana citizenship was lost.  Because the only claims pending against her at that point were those in her individual capacity, Southern Minority argues that the only citizenship this Court can look at is that of her domicile, Florida.  As such, when the case was removed to this Court, there was complete diversity amongst all parties.  Rec. Doc. 12 at pp. 6-7.

With regard to the individual fraud claims against Garrett-Denard in her personal capacity, the Court agrees that it must look to her domicile to determine whether diversity of citizenship.  *Bank v. Imperial Fire & Casualty Insurance Co.*, 2006 WL 1228947 (W.D. La. 2006); *Breaux v. Dilsaver*, 254 F. 3d 533 (5th Cir.  2001).  The Court also agrees that 28 USC § 1332 (c)(2) mandates that if the suit is being brought on behalf of an estate or against an estate, it must look to the citizenship of the decedent (Louisiana) to determine the citizenship of Garret-Denard.  *See Bank,* 2006 WL 1228947 (W.D. La. 2006)(Discussing diversity of citizenship jurisdiction as it regards claims brought by a succession representative in both his individual and representative capacity and declaring that because the claims were actually being brought in his representative capacity, the state of the decedent controls).  However, the Court does not need to decide which of these two (2) potential citizenship is applicable.  As discussed below, remand to the state court is necessary based upon the probate abstention doctrine.  Therefore, regardless of

6

the Garrett-Denard's citizenship, the outcome is the same, i.e. remand to state court.[6]

       B.      *Probate Abstention.*

Federal courts lack jurisdiction over proceedings that "interfere with" state probate proceedings, assume general jurisdiction of the probate, or assume control of property in the custody of the probate court. *See Markham v. Allen*, 326 U.S. 490, 494, 66 S.Ct. 296, 298, 90 L.Ed. 256 (1946); *Waterman v. Canal-Louisiana Bank & Trust Co.,* 215 U.S. 33, 43, 30 S.Ct. 10, 12, 54 L.Ed. 80, 84 (1909); *Breaux v. Dilsaver*, 254 F.3d 533, 536 (5th Cir. 2001).  In determining whether a suit in federal court "interferes with" state probate proceedings, the United States Fifth Circuit counsels that District Courts are to consider whether the claim "implicates the validity of the probate proceedings or whether the plaintiff is merely seeking adjudication of a claim between the parties." *Breaux*, 254 F.3d at 536 (quoting *Blakeney v. Blakeney*, 664 F.2d 433, 434 (5th Cir. 1981)).

In *Lathan v. Edwards*, 121 F. 2d 183 (5th Cir. 1941), the Fifth Circuit reviewed a district court's decision annulling a state court judgment in a succession proceeding on the grounds of fraud.  Julia Lathan was appointed and qualified as administratrix of her father's succession for the sole purpose of collecting on a policy of life insurance. *Lathan,* 184 F. 2d at 184.  The insurance was collected and distributed by the administratrix to herself and three other collateral heirs after the payment of fees and costs. *Lathan*, 84 F. 2d at 184.  As there were no other assests, the succession was closed. *Id.*  In a separate action filed in the U.S. Western District of Louisiana, Delia Priest Edwards alleged that she was the natural sister of Julia Lathan and sole heir to Will Lathan.  She sought to annul the judgment in the succession proceedings on the

---

[6]If the citizenship of Garrett-Denard would be Louisiana, then the matter would be remanded due to lack of diversity jurisdiction.  On the other hand, if the citizenship is Florida, then remand is necessary due to the probate abstention doctrine.

grounds of fraud and to recover from the estate.  *Lathan,* 184 F. 2d at 184.

The federal District Court ordered that the judgment of the probate court be annulled and set aside on the grounds of fraud and granted recovery to Delia Edwards.  *Id.*  An appeal ensued and the Fifth Circuit framed the issues as follows: (1) whether the District Court had jurisdiction to annul and set aside the state court judgment; and (2) whether Delia Priest was the sole heir of Will Lathan and entitled to establish that fact in the Federal District Court.  As to the first inquiry, the Fifth Circuit stated that state courts exercising probate jurisdiction are not courts of concurrent jurisdiction with federal courts and in such circumstances, the jurisdiction of state courts is exclusive.  *Lathan,* 121 F. 2d at 184, 185.  The Fifth Circuit held that the District Court was without jurisdiction to annul the judgment of a state probate court "even on the ground of fraud and compel the administrator to make a new accounting in the Federal Court."  *Lathan*, 121 F. 2d at 184, 185.  Thus, to the extent the federal District Court annulled the state court judgment, the matter was reversed.  As to the second inquiry, the Fifth Circuit found that "if jurisdiction vests by diversity of citizenship and sufficient amount is involved, a Federal Court may deprive a party of the fruits of a judgment procured by fraud."  *Id* (citations omitted).  Thus, because Delia Priest sought not only to have the judgment in the succession proceeding annulled, but also sought a ruling that she was the sole heir and entitled to recover a piece of the succession pie, the Fifth Circuit determined that the District Court did have jurisdiction to review whether Delia had any entitlement to the proceeds in the succession proceeding.  *Lathan*, 121 F. 2d at 185, 186.

In *Markham v. Allen*, 326 U.S. 490, 494, 66 S. Ct. 296, 90 L. Ed 256 (1946), the United Supreme Court did not abstain from a probate matter.  In that case, the petitioner sought a judgment from the federal District Court ordering the executor to pay over the entire net estate to

the petitioner upon final accounting.  The judgment actually entered by the district court declared only that petitioner was entitled to receive the net estate in distribution, after the payment of expenses of the administration, debts and taxes.  *Markham,* 326 U.S. at 495.  The federal District Court's judgment **left undisturbed** the orderly administration of the decedent's estate in the state probate court and decreed only the petitioner's rights in the property.  *Markham,* 326 U.S. at 495. (emphasis added)  The Supreme Court decided that this action was not an "exercise of probate jurisdiction or an interference with the property in the possession or custody of a state court" and therefore, abstention was not necessary.  *Markham,* 326 US at 495.

This matter does not involve challenges to Garret and Garret Johnson's rights or interests in the respective estate or to the proceeds from the succession.  There has been no challenge in this Court regarding whether either of these individuals are or are not entitled to claim the proceeds from the sale and in fact both were listed in the Affidavit of Death, Domicile and Heirship filed by Garrett-Denard in the state court providing that they are legitimate heirs entitled to recover proceeds from the succession.  Instead, Garret and Garret Johnson's state court petition seeks: (1) to remove Garrett-Denard as administratrix: (2) to annul the sale as improper because of the fraudulent actions of Garrett-Denard; (3) to annul and rescind the judgment homologating the final tableau of distribution because of the fraudulent actions of Garrett-Denard; (4) a judgment against Rhonda Miller d/b/a & Associates, LLC declaring that the sale to her of the property be declared absolutely null; (5) a judgment against Southern Minority Contracting and Associates, LLC declaring the act of correction claiming it is the owner of the property be declared absolutely null; and (6) that there be judgment in favor of the successions and against Garrett-Denard, Miller and Souther Minority Contracting & Associates, LLC *in solido* for all damages and attorneys' fees sustained by the succession proceedings in

9

uncovering and correcting the fraud upon the succession.  Exhibits "1-4" attached to Rec. Doc. 1.  Unlike *Markham*, Garret and Garret Johnson are not seeking a decree as to there rights in the property after its administration but rather are seeking to void the entire succession proceeding. Such annulment and rescission of the succession proceeding, clearly would not leave undisturbed the orderly administration of the estate in the Louisiana probate court.

When Southern Minority, Miller and Garrett-Denard removed this action to federal court they removed not only the fraud claims but also claims 1-5 listed above.  Claim 1 has been rendered moot due to Garrett-Denard's decision to step down as administratrix.  As to claims 2-5, those claims request that the state court, and now this Court in the removal proceeding, declare null and void state court judgments in the succession proceedings as they relate to the sale of the property and the judgment homologating the final tableau.  The fact that this action does not involve a will is irrelevant because the relief sought by Garret and Garret Johnson requests this Court to set aside and annul judgments made in a state court succession proceeding. Further, that one of the reasons asserted for annulling the judgments is fraud on behalf of the administratrix does not make this case a non-probate matter nor does it make this a case where the relief sought is anything other than annulment of rulings in a state court succession proceeding.  *Lathan*, 121 F. 2d at 184, 185 (asserting that even thought fraud was the reason behind setting aside state court probate judgment, District Court still was without jurisdiction to annul the judgment).

Further, this action requests more than an annulment based upon fraud but also requests annulment due to lack of proper form of the sale and lack of proper from as to the succession proceeding itself; matters that go to the heart of the succession proceeding.  *See Mitchell v. Nixon* 200 F. 2d 50, 51 (5th Cir 1952) (wherein the Fifth Circuit found that an action attacking

the validity of the will itself, based upon lack of proper form, due to the decedent being of unsound mind at time of execution, and that the execution was obtained by means of fraud or undue influence, was a dispute over the will itself rather than a dispute between the parties as to the will's construction or effect); *Blakeney,* 664 F. 2d 433, 434 (finding that challenge to capacity of testator to make a will goes to the validity of the will itself and that claims seeking to void the confirmation proceeding for lack of notice, to have part of the land awarded to defendants redistributed and to recover for the executor's negligent administration of the estate are claims that concern matters which the state court had adjudicated in the course of probating the will and administering the estate; therefore, they were not properly before federal district court).

Additionally, if this Court would take jurisdiction and decide to annul and vacate the state court's orders, then it would be taxed with the responsibility of having the newly appointed administratrix make a new accounting in Federal Court.  If on the other hand, the relief requested by Garret and Garret Johnson is denied, then the this Court would be faced with exercising jurisdiction over the proceeds and have to distribute all proceeds from the sale and pay the expenses of the succession from proceeds that currently sit in the state court's registry.  In either of these scenarios, this Court would be exercising general jurisdiction over purely probate matters and controlling property in the custody of the state court which it cannot do.  *See Turton v. Turton*, 644 F. 2d 344, 348(5th Cir 1981)(stating that feature that controls federal jurisdiction in these types of cases is the effect a judgment would have on the jurisdiction of the probate court and therefore, a judgment by the district court putting value on estate assets, by putting plaintiff in possession of those assets, and authorizing plaintiff to distribute those assets, impermissibly interfered with probate proceedings and was reversed on appeal).

11

Southern Minority and Miller urge that this action does not involve the administration of an estate but instead involves allegations of fraud, conspiracy, and breach of fiduciary duty against the administrator of the estate in an attempt to rescind the sale.  Rec. Doc. 12 at p. 11. These claims, they assert, are within the court's jurisdiction.

The Court agrees that this case involves not only the annulment issues but also deals with claims of fraud and conspiracy as well as damages and attorneys' fees based upon the alleged fraudulent actions of Southern Minority, Miller and Garret Denard.  Exhibit "4" attached Rec. Doc. 1.  The Court also is cognizant and agrees with the Fifth Circuit precedent holding that a diversity suit against an administrator personally and individually for his or her alleged fraud and breach of fiduciary duty and which suit does not require federal interference in any state probate proceeding, is properly before a federal court.  However, those cases are factually distinguishable.

In *Breaux v. Dilsaver* 234 F. 3d 533 (5th Cir. 2001), the Fifth Circuit found that the probate abstention doctrine did not apply to a suit brought in federal court seeking damages for fraudulent mismanagement of the decedent's estate because allowing the action to move forward in federal court would not interfere in state probate proceedings as the succession was closed and no matter the outcome of action for fraud, it would not be reopened.  Unlike the facts in *Breaux*, the independent fraud claims against Southern Minority, Miller, and Garrett-Denard are directly linked to Garret and Garrett-Denard's challenge to the validity of the sale and the validity of the succession proceeding, i.e. these claims directly interfere in state succession proceedings. Even if the fraud claims did not so interfere, there still remain a number of claims that challenge the validity of the succession proceeding and the sale separate and apart from the alleged fraud, namely that the sale should be annulled for lack of proper form.  Further, unlike *Breaux* where

the plaintiffs filed a separate suit alleging fraud causes of action, the fraud claims here were brought by separate pleadings in the succession proceeding.  Prior to the state court deciding whether those claims had merit, the entire succession proceeding was removed to this Court.

Further, the *Akin v. Louisiana National Bank of Baton Rouge*, 322 F.2d 749, 751 (5th Cir.1963) case is distinguishable.  There, the Fifth Circuit found that the suit was not one to annul a will and that recognition of the plaintiff's interest would not affect the probate of the will or the administration of the estate.  In *Akin*, the challenge was filed by one claiming to be an heir through Louisiana's forced heirship laws and therefore, whether she had rights and interests in the succession.  *Akin,* 322 F. 2d at 750, 75.  Here, no such rights and interest to the succession itself is being challenged.  To the contrary, the challenge is to the administration and form of the actual succession proceeding.

The action removed to this Court "interferes with" state probate proceedings, would have this Court assume general jurisdiction of a Louisiana probate proceeding, and ultimately have this Court assume control of property in the custody of the Louisiana probate court.  Accordingly, and for the reasons set forth in this order, this Court abstains from exercising jurisdiction over this action.

C.      *Attorneys' Fees and Costs*

The propriety of defendant's removal is central in the Court's determination whether, within its discretion, to impose attorneys' fee against defendant for improper removal. *Miranti v. Lee,* 3 F.3d 925, 928 (5th Cir.1993).  Although the Court is remanding this matter to the state court, the Court finds that attorneys' fees should not be awarded against Southern Minority and Miller due to the unusual factual circumstances surrounding this matter. The award of costs is also within the discretion of the Court and not dependent on the whether removal was proper. *Id*.

at 929. For the same reason that the Court does not impose attorneys' fees, it declines to award costs in favor of plaintiff. *See also Thompson v. Radosta*, 895 F.Supp. 113, 115-116 (E.D.La. 1995)

Accordingly,

**IT IS ORDERED** that the Court **ABSTAINS** from the instant matter based upon the Probate Abstention Doctrine and hereby **REMANDS** Civil Action 07-3254 to the Twenty-Second Judicial District Court, Parish of St. Tammany.

**IT IS FURTHER ORDERED** that the request for Attorneys' Fees and Costs by Clayton Garret and Oline Garret Johnson is **DENIED.**


New Orleans, Louisiana this 1st day of November, 2007.

_____
**UNITED STATES DISTRICT JUDGE**
**G. THOMAS PORTEOUS, JR.**